UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELA V. WOODHULL, INDIVIDUALLY
AND AS BENEFICIARY OF THE ESTATE
OF LOUISE A. FALVO, DECEASED,

          Plaintiff,

-vs-                                      Case No. 6:13-cv-384-Orl-28KRS

REBECCA FIERLE, NANCY F. ALLEY,
JOHN D. GALLUZZO, VICTOR
HULSLANDER, ANN MARIE GIORDANO
GILDEN, EVELYN WATTS CLONINGER,
CLONINGER & FILES, ANTHONY M.
NARDELLA, JR., NARDELLA CHONG,
P.A., KEVIN P. ROBINSON,
ZIMMERMAN, KISER & SUTCLIFFE,
P.A., SHIRLEY MASCARELLA, JOHN
MASCARELLA, JUDITH PAUL,
WACHOVIA BANK, N.A., BANK OF
AMERICA, N.A., and FARMERS
NATIONAL BANC CORP.,

          Defendants.
_____

## ORDER

This cause is before the Court on the "Emergency Ex Parte Motion for an Order Creating a Constructive Trust" (Doc. 13) filed by Plaintiff. The motion has been filed ex parte without prior permission of the Court, does not explain why it has been filed ex parte[1] or why

---

[1] It is unclear whether any of the Defendants have yet been served with the Complaint, which was filed on March 7, 2013.

it is designated as an emergency,[2] and does not otherwise comply with the requirements for motions seeking ex parte injunctive relief. See Fed. R. Civ. P. 65; M.D. Fla. Local Rule 4.05. Moreover, the motion asks this Court to impose a constructive trust on assets scheduled to be distributed by a Florida state court on April 29, 2013, (see Ex. A to Doc. 13), and thus seemingly seeks to have this Court interfere with ongoing state court probate proceedings.

Furthermore, the Court is obligated to inquire as to its subject matter jurisdiction. Plaintiff alleges both federal question and diversity jurisdiction in the Complaint (Doc. 1), but it is plain from the face of the Complaint that complete diversity of citizenship does not exist—Plaintiff is a Florida citizen and so are several of the Defendants. Thus, diversity jurisdiction is lacking. As to federal question jurisdiction, only the first of the eight claims in the Complaint is a federal claim—a claim for civil rights violations brought pursuant to 42 U.S.C. § 1983. That claim is brought against two state court judges and five other Defendants. Plaintiff has not alleged facts sufficient to overcome the state court judges' absolute judicial immunity, nor has she alleged why any of the other Defendants are state actors who can be sued under § 1983. Thus, no viable federal cause of action appears to be stated in the first claim.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The "Emergency Ex Parte Motion for an Order Creating a Constructive Trust" (Doc. 13) is **DENIED**. The Clerk is directed to remove the ex parte designation from the document.

---

[2] Local Rule 3.01(e) provides in part that "[t]he unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions."

2. **On or before Friday, April 19, 2013**, Plaintiff shall **show cause** in a filing not to exceed five pages why this case should not be dismissed for lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Orlando, Florida this \_\_12\_\_ day of April, 2013.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party