**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ANGELA V. WOODHULL, INDIVIDUALLY
AND AS BENEFICIARY OF THE ESTATE
OF LOUISE A. FALVO, DECEASED,

        Plaintiff,

-vs-                              Case No. 6:13-cv-384-Orl-28KRS

REBECCA FIERLE, NANCY F. ALLEY,
JOHN D. GALLUZZO, VICTOR
HULSLANDER, ANN MARIE GIORDANO
GILDEN, EVELYN WATTS CLONINGER,
CLONINGER & FILES, ANTHONY M.
NARDELLA, JR., NARDELLA CHONG,
P.A., KEVIN P. ROBINSON,
ZIMMERMAN, KISER & SUTCLIFFE,
P.A., SHIRLEY MASCARELLA, JOHN
MASCARELLA, JUDITH PAUL,
WACHOVIA BANK, N.A., BANK OF
AMERICA, N.A., and FARMERS
NATIONAL BANC CORP.,

        Defendants.

## ORDER

This cause is before the Court on Plaintiff's Memorandum in Support of Subject Matter Jurisdiction (Doc. 38), which Plaintiff filed in response to the Order (Doc. 14) to show cause why the case should not be dismissed for lack of subject matter jurisdiction. The Court has reviewed Plaintiff's Memorandum and concludes that Plaintiff has not established the viability of the lone federal claim in her Complaint or any other basis for this Court's subject matter jurisdiction over this case.

As noted in the prior Order, the only purported federal claim in the Complaint is Count I, in which Plaintiff brings a claim for civil rights violations pursuant to 42 U.S.C. § 1983 against two state court judges and five other Defendants. This claim does not state a cause of action. The facts alleged by Plaintiff do not support any conclusion but that the state court judges were acting in a judicial capacity at the time of the events at issue—not in an "administrative capacity" as Plaintiff conclusorily asserts. Thus, the state court judges are absolutely immune from this claim. Moreover, Plaintiff appears to be seeking federal court review of decisions of these state court judges that are or were reviewable by state appellate courts and are not reviewable by this court.

Plaintiff also argues that the nonjudicial Defendants named in the § 1983 count were acting under color of state law because they were appointed by the judges to act as guardians or receivers in the underlying proceedings or because they participated as attorneys in those proceedings with approval of the judges. This contention is rejected. See, e.g., Johnson v. Dowd, 305 F. App'x 221, 224 (5th Cir. 2008); Kirtley v. Rainey, 326 F.3d 1088 (9th Cir. 2003). Plaintiff also asserts that this Court has federal question jurisdiction over Plaintiff's claims against three banks, citing 12 C.F.R. § 330.10. However, that regulation pertains to insurance coverage for revocable trust accounts and does not support Plaintiff's assertion that her breach of contract claims against the banks are federal claims. In sum, Plaintiff has not alleged a viable federal claim, nor has she otherwise established the subject matter jurisdiction of this Court.[1]

---

[1] As noted in the prior Order (Doc. 14), Plaintiff alleges diversity jurisdiction in the Complaint, but it is plain from the citizenship allegations in the Complaint that complete

The Court notes that yesterday, Plaintiff filed a Motion for Leave to File Amended Complaint (Doc. 56), with a proposed Verified First Amended Complaint attached thereto (Doc. 56-1). Plaintiff has made some changes and additions in the proposed Verified First Amended Complaint, but none of these changes or additions establish subject matter jurisdiction.[2] Thus, allowance of the Amended Complaint would not affect the conclusions reached in this Order.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Count I of the Complaint (Doc. 1) is **DISMISSED with prejudice**.

2. All other claims in the Complaint are **DISMISSED without prejudice** to Plaintiff to pursue them in state court.

3. All pending motions are **DENIED as moot**.

4. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Orlando, Florida this 30 day of April, 2013.

                                             JOHN ANTOON II
                                             United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

---

diversity does not exist. Plaintiff has not attempted to argue diversity jurisdiction in her show cause response.

[2]Somewhat astoundingly, in the proposed Verified Amended Complaint Plaintiff again alleges diversity jurisdiction and diversity of citizenship even though it is clear that complete diversity is lacking.